■ In the Matter of BENJAMIN F. SCHWARTZ, Respondent, v. BOARD OF EDUCATION OF THE CENTRAL SCHOOL DISTRICT NO. 1, NORTH SALEM, SOMERS, CARMEL and SOUTHEAST et al., Appellants.— Order of the Supreme Court, Westchester County, entered April 12, 1974 and made upon reargument, affirmed, without costs. No opinion. Appeal from judgment of the same court, entered March 12, 1974, dismissed without costs, as academic. Martuscello, Acting P. J., Cohalan and Christ, JJ., concur; Latham and Shapiro, JJ., concur in the dismissal of the appeal from the judgment, entered March 12, 1974, but dissent and vote to reverse the order entered April 12, 1974 on reargument and to dismiss the proceeding. Petitioner's written statement of his intention to retire at the close of the school year was in our opinion a written resignation which could not be withdrawn after it had been delivered to the respondent

appointing authority without the latter's consent (see Department of Civil Service Rules and Regulations, 4 NYCRR 5.3 [a] [b] [c]). That consent was not forthcoming, and we therefore find that appellants' determination terminating petitioner's service as a tenured high school science teacher was not improper, arbitrary, capricious or an abuse of discretion. In addition, it may be noted that petitioner kept the $2,000 retirement allowance, granted to him, until April 10, 1973, when he enclosed a check for its repayment. Petitioner's use of this money and his offer to return it when he changed his mind about his retirement did not serve to make appellants whole. As we view it, petitioner's letter of September 6, 1972, was a resignation, effective in the future which could not be withdrawn. Petitioner's subsequent retention of the money put a practical construction upon his intent.